FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH L. BOYD, individually and as personal representative of the Estate of Robert T. Boyd,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:24-cv-00216-RLP<br><br>**STIPULATED PROTECTIVE ORDER RE: NON-PARTIES' PRIVATE & SENSITIVE PERSONAL, MEDICAL and/or EMPLOYMENT INFORMATION** |

    BEFORE the Court is parties' Motion for Entry of Stipulated Protective Order Re: Protection of Non-Parties' Private Personal Identification(PPI) and Other Confidential-Sensitive Background Information. (ECF No. 18). The Court being fully informed, the motion is GRANTED.

    Under Rule 26(c) of the Federal Rules of Civil Procedure, a court, upon motion of a party and upon good cause shown, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Rule permits a court to order that "that the disclosure or discovery may be had only on specified terms and conditions." Fed. R. Civ. P. 26(c)(2). The Defendant United States requests this Protective Order pursuant to 5 U.S.C. § 552a(b)(11), to provide for the disclosure of personally identifying information which is contained in certain U.S. Veterans Administration

and/or other federal, state, local and/or Native American governmental documents, and which records and materials may be subject to disclosure under Fed. R. Civ. P. 26 or other applicable discovery mechanisms provided for under the Fed. R. Civ. Pro.

The United States also seeks this protective order under Rule 26(c)(1)(B) for the purpose of adequately protecting the disclosures of records – electronic material (from government databases) of third parties' personal identifiable information (PII) and privacy interests by other non-party employees and/or contractors of the U.S. Veterans Administration, which records may also contain confidential and/or sensitive personal and personnel information of non-parties, including education, medical, and/or law enforcement contact background; administrative investigations and/or personnel or medical information, which are entitled to be protected and kept confidential, and therefore this order is needed to ensure that protection is afforded only to third parties' identified Privacy Act identity and/or personal background materials.

This court has significant discretion in granting a protective order to prevent "a party or [third party] person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); See *Gautheir v. Hoye*, 52 Fed. Appx. 28, 29 (9th Cir. 2002). Here, nonparty officials - employees – contractors would be subject to annoyance and embarrassment if their protected identies, personnel information, credentialing files, and/or other personal (i.e., education, medical, or additional personnel) information and/or other Privacy Act protected information were openly or publicly revealed and widely disseminated. *See Travis v. Fluor Hanford, Inc.,* 2007 WL 1074890, *1 (E.D. WA April 5, 2007) (granting a protective order, preventing or limiting the production of confidential personnel information regarding employees who are not a party to plaintiffs' action); *Gautheir, id*.

      The United States asserts that absent a protective order, a violation of a non-party's privacy and/or sensitive personal interests and/or the Privacy Act, which protects the privacy interests of non-parties / federal employees, could subject the involved government agency, sub-agency, entity and/or sub-entity to potential civil liability under 5 U.S.C. § 552a(g). Because the Privacy Act interests of third parties may be implicated here (i.e., non-party federal employees and/or officials), and because the subject requested discovery documents are likely to contain personally identifiable information (PII) of non-parties, which information may be prohibited from disclosure to Plaintiffs under the Privacy Act and/or other privacy statutes, regulations, laws or other governmental privileges, *absent a waiver from each individual employee or official*, then, without conceding that point, the Plaintiffs agree to the resolution of these issues – concerns through the entry of this Protective Order.

      Absent other applicable privileges, protected information includes and is not limited to the nonparties' names, ages, addresses, phone numbers, emails, etc. Additionally, the documents may contain information such as federal or state officials' and/or agents' names. The United States may, however, redact personal identifying information (*inter alia,* non-party identities, including family – extended family information) and may assert additional privileges, but is not refusing to provide identity of personnel and/or personnel action information related to the incident(s) which form the basis for Plaintiff's lawsuit. Therefore, the United States requests that these particularized subjects of information be marked *confidential* and be restricted and used only for the purposes of this litigation, and thereafter be totally destroyed by the recipient party. *See e.g., May v. Fedex Freight Southeast, Inc.*, 2009 WL 1605211, *3 (M.D. La June 8, 2009) (rejecting proposed protective order deeming *all* nonparty personnel documents with PII "confidential").

This Stipulated Protective Order ("Protective Order") shall govern the treatment and handling of all non-party personal identification information (PII), personal or personnel records and/or other sensitive records, which records and/or information are designated by the parties and/or by the Court as containing *confidential* information, including, but not limited to, personnel and administrative records of non-party employees and/or agents of the the U.S. Veterans Administration.

Therefore, in the interest of expediting the flow of discovery material on issues in this case involving the parties, and to help facilitate the prompt resolution of disputes over protected and/or confidential information – records – ESI, it is pursuant to the court's authority under Fed. R. Civ. P. 26(c) and the Privacy Act, and with the stipulation and consent of the parties, that the following Protective Order will apply to appropriate records and information within records and ESI information produced by the United States in its discovery disclosures and responses:

1. Pursuant to 5 U.S.C. § 552a(b)(11), and subject to the conditions described below, Defendant is authorized to release to Plaintiff's counsel certain government records and information containing what the Defendant asserts is or may be subject to the protections of the Privacy Act and/or are otherwise protected or sensitive personal – personnel information of non-party individuals, government employees, officials and/or contractors. Without determining the issue, Defendant may disclose the information contained within the government's or its deemed public health – medical center files and records to Plaintiff without obtaining prior written consent of each of the non-party individuals to whom the records identify and/or pertain, and such authorized disclosure(s) is deemd by this Court to not violate the Privacy Act;

     2.     Pursuant to Federal Rule of Civil Procedure 26(c)(1)(B), Defendant may disclose documents and information to Plaintiff that may be protected from disclosure by an investigative official and/or a law enforcement agent or officer, without waiving privileges outside of this litigation and/or to third parties;

     3.     The parties shall take reasonable and diligent steps to protect the privacy interests of the subject third-party individuals referenced within the disclosed discovery materials. Plaintiff shall not copy or disseminate any records and/or information marked "Confidential and/or Privileged," as provided by the Defendant United States, except as otherwise provided in this Order or as otherwise permitted by the Court (i.e., for discovery - expert purposes only).

     4.     These documents shall be used by the parties only for purposes of litigating this case, including any subsequent appeals. Persons receiving copies of protected documents or the contents of protected documents subject to this Protective Order shall not use such documents or other information for any other purpose.

     5.     At the conclusion of this litigation, including any subsequent appeals, the parties' counsel will retrieve all copies of the documents that they have provided to staff and/or experts, and will destroy all records – information – ESI or return them to the U.S. Attorney's Office for the Eastern District of Washington, in care of the assigned Assistant U.S. Attorney or her/his designee. If the documents that are retrieved by counsel are destroyed, counsel shall so notify the U.S. Attorney's designee and certify complete destruction in writing;

     6.     If the parties intend to file documents containing personally identifiable information (PII), privileged or sensitive information or designated *Confidential* information in the Court file, or plan to use them as exhibits to depositions, they shall take steps to protect the privacy of the identified individual

Protective Order re:  Non-Parties' Privacy Act, Personnel and Personal Information - page 5

in these records through redaction or other means of suppressing PII and/or other confidential material. Defendant asserts this is required by the U.S. District Court Eastern District of Washington, ECF Administrative Procedures, § VI(C), Privacy Concerns (May 6, 2015) and Rule 5.2 of the Federal Rules of Civil Procedure. Unless redacted, both parties shall protect the "Privileged and/or Confidential" marked information by filing such documents under seal;

7.   All information that is asserted by either party as privileged under a law enforcement or other administrative investigative privilege, the attorney work-product doctrine and/or the attorney-client privilege, or other designated privilege(s), that is produced or presented in this action may only be used by the parties, members of their legal teams (i.e., lawyers, paralegals, investigators, support staff), and all persons retained by the parties (i.e., outside investigators, consultants, expert witnesses), and only for the purpose of litigating this litigation. Neither party shall disclose these materials or the content of these materials to any other persons, entities and/or agencies without prior Court order. This Order shall continue in effect after the conclusion of the proceedings. Any modification or vacating of this Order shall only be made upon notice to and an opportunity to be heard from both parties.

8.   Defendant and its officers, employees, or attorneys, shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiffs and/or their counsel, any co-defendants and/or their counsel, under this Protective Order, or of any information contained in such documents. Plaintiff shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Defendant's counsel under this Protective Order, or of any information contained in such documents.

9. To the extent the United States' discovery disclosures may involve a limited waiver of the agency investigative – law enforcement privilege, the attorney work product doctrine and/or the attorney -client privilege, a limited – restricted waiver applies to material that may be relevant to the U.S. Attorney's Office – U.S. Department of Justice or other criminal investigation (if any) and/or any referred cases involving the issues alleged in this litigation.

10. All persons having access to confidential information made available pursuant to this agreement shall agree not to make any use of said confidential information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said confidential information to any person not previously authorized by the terms herein.

11. Counsel disclosing confidential information to any person or entity shall be responsible for limiting distribution of the confidential information to those persons who both:  (1) have a need to know the information and (2) are authorized to receive the information under this Protective Order. Counsel shall be prepared to account for the disposition and use of the information under this Protective Order.

12. All copies of confidential information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

13. All documents, materials, and electronically stored information (ESI) designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of the attorneys, experts, or consultants to whom they are disclosed pursuant to this Protective Order. The parties or their attorneys may not retain any documents, materials, or information designated as confidential pursuant to this Protective Order after the conclusion of this litigation.

14. Documents, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court by

further Court Order and/or by agreement of the attorneys until trial. At trial the Court shall determine whether this Order remains in force. Exhibits containing protected information shall, unless redacted, be marked "CONFIDENTIAL" and shall be:  a) Filed in ECF under seal; b) Designated as an Exhibit containing confidential material subject to the Court's Protective Order; and c) A copy of the exhibit filed under seal shall be promptly served upon opposing counsel in accordance with Rule 5 (i.e., emailing to ECF registered account complies with requirement).

15. The confidential documents, materials, or information set forth to facilitate discovery in this case may nonetheless be used at trial in accordance with the Court Rules, the Rules of Evidence, the Local Rules, and applicable federal statutes and regulations (i.e., Privacy Act, et al.).  However, any party or interested third party may apply to this Court for additional protection regarding the protected use at trial of any discovery produced in this case. Such motions should be filed contemporaneous with the parties' respective *motions in limine*, but will nonetheless be handled on an individual basis.

16. No further modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

17. The failure to insist upon full compliance with any of the terms of this Protective Order in any instance shall not be deemed a waiver of the right to insist upon full compliance with the Order's terms thereafter.

18. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability,

relevance, or admissibility of any record produced (or withheld), other than objections based on the Privacy Act and/or the investigative - law enforcement privilege, attorney-client privilege, and/or attorney work-product doctrine.

19. By stipulated entry of this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any confidential information to anyone associated with the preparation of their case (i.e., experts, consultants, etc.) that the proposed recipient of the designated *Confidential Information* shall be provided with a conformed copy of this Protective Order.

ENTERED this 3rd day of January, 2025.

_____
The Honorable Rebecca L. Pennell
United States District Court Judge
Eastern District of Washington